1
2
3
4
5
6

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

7
8
9
10
11
12

| | |
|---|---|
| HIRAM GLENN,       ) | Case No. 2:12-cv-02124-GMN-PAL |
| Plaintiff,     ) | |
| ) | **ORDER** |
| vs.       ) | |
| ) | (Mtn to Enlarge - Dkt. #9) |
| TERRY'S TIRE TOWN, INC., et al.,    ) | (Mtn for Svs by Pub - Dkt. #12) |
| ) | |
| Defendants.    ) | |
| _____ ) | |

13          This matter is before the court on Plaintiff Hiram Glenn's Ex Parte Motion to Enlarge Time for

14  Service (Dkt. #9) and Ex Parte Motion for Service by Publication (Dkt. #12).  The Motions were

15  originally filed as one document, but because Plaintiff seeks two forms of relief, the Clerk of the Court

16  required Plaintiff's counsel to re-file the document as a separate event requesting service by publication.

17  *See* Notice: Attorney Action Required (Dkt. #10).  Plaintiff's counsel complied.  *See* Dkt. #12.  The

18  court has considered the Motions.

19                                           **BACKGROUND**

20          Plaintiff filed his complaint in state court, alleging claims against Defendant Terry's Tire Town,

21  Inc., and its employee, Defendant Kent Peterson, related to an automobile accident that occurred on

22  Novemeber 3, 2010 in Clark County, Nevada.  Plaintiff served Terry's Tire through its registered agent

23  on November 16, 2012.  *See* Petition for Removal (Dkt. #1).  Terry's Tire removed this case to federal

24  court on December 13, 2012, and filed an Answer (Dkt. #8) on January 9, 2013.  The notice of removal

25  indicates that Defendant Peterson is and was at the time this action was filed a resident of Missouri.

26          Plaintiff's Motions request an Order extending the time to serve the complaint and summons on

27  Defendant Kent Peterson and permitting Plaintiff to serve process by publication.  Plaintiff retained a

28  process server who attempted service on Peterson at Terry's Tire Town, located in Alliance, Ohio, Mr.

1   Peterson's last known employer.  The process server was informed that Mr. Peterson worked out of his

2   residence in St. Louis, Missouri, area.  Plaintiff represents the process server performed a "skip trace

3   search" to locate Mr. Peterson without success.  Plaintiff's process server also attempted to find Mr.

4   Peterson by searching the records of the Clark County Assessor's Office, the United States Postal

5   Serve, Clark County voter registration records, the local telephone directory,[1] and other "national

6   proprietary non-public databases," but was unable to locate Mr. Peterson.   Plaintiff requests permission

7   to serve Mr. Peterson by publication.  Plaintiff contends service must be completed by March 1, 2013,

8   pursuant to Rule 4(m) of the Nevada Rules of Civil Procedure ("NRCP").  Because of the time required

9   to serve a party by publication, Plaintiff requests an additional 120 days to serve Mr. Peterson by

10  publication.

11                                          **DISCUSSION**

12  **I.     Rule 4(m) Deadline.**

13          Plaintiff seeks an extension of time to serve Mr. Peterson with process relying on NRCP 4.

14  However, after a case is removed to federal court, the Federal Rules of Civil Procedure apply.  *See* Fed.

15  R. Civ. P. 81(c)(1).  Rule 4 of the Federal Rules of Civil Procedure governs service of summons, and it

16  mandates that service of process must be made within 120 days of filing the complaint.  *See* Fed. R.

17  Civ. P. 4(m).  If service of summons and complaint is not made in that time, the Rule provides that

18              the court, upon motion or on its own initiative after notice to the plaintiff,
    shall dismiss the action without prejudice as to that defendant or direct that
19              service be effected within a specified time; provided that if the plaintiff
    shows good cause for the failure, the court shall extend the time for service
20              for an appropriate period.

21  Fed. R. Civ. P. 4(m).

22          Additionally, 28 U.S.C. § 1448 provides that where service of process is not perfected prior to

23  removal of a case filed in state court to federal court, "such process or service may be completed or new

24  process issued in the same manner as cases filed" in federal court.  28 U.S.C. § 1448.  The Ninth

25  Circuit has held that where summons was issued in a state court proceeding but was not served prior to

26

27          _____

28          [1]The Motion does not specify whether the local directory searched was for Clark County/Las
    Vegas, Nevada, or St. Louis, Missouri.

                                              2

1   removal, "the federal court cannot 'complete' the state process by permitting it to be served after

2   removal; rather the federal court must issue new process pursuant to Rule 4 of the Federal Rules of

3   Civil Procedure." *Beecher v. Wallace,* 381 F.2d 372, 373 (9th Cir. 1967). The court reasoned that the

4   state court process becomes "null and void" on the date the action is removed to the federal court. *See*

5   *Richards v. Harper,* 864 F.2d 85, 87 (9th Cir. 1988) (citing *Beecher,* 381 F.2d at 373). After removal, a

6   plaintiff must secure a new summons from the federal court and serve it pursuant to Rule 4. *Id.*; Fed. R.

7   Civ. P. 81(c); Fed. R. Civ. P. 4(c).

8           The 120-day time period set forth by Rule 4(m) starts to run upon removal to federal court, not

9   on the date a plaintiff files a complaint in state court. *See Vasquez v. N. County Transit Dist.,* 292 F.3d

10  1049, 1053 (9th Cir. 2002); *see also* 4B Charles Alan Wright et al., *Fed. Prac. & Proc. Civ.* § 1137 (3d

11  ed. 2002) (observing that under former version, service period ran from date complaint filed in state

12  court). Plaintiff's complaint was removed on December 13, 2012. Thus, Plaintiff must serve process

13  on Mr. Peterson no later than April 12, 2013, in compliance with Rule 4(m) of the Federal Rules of

14  Civil Procedure.

15  **II.     Request for Service by Publication.**

16          Rule 4(e)(1) of the Federal Rules of Civil Procedure allows for service upon individuals within

17  the United States by "following state law for serving a summons in an action brought in courts of

18  general jurisdiction in the state where the district court is located or where service is made." *Id*. In

19  Nevada, NRCP 4 governs service of process. Parties are required to personally serve summons and the

20  complaint upon a defendant; however, when personal service proves impossible, NRCP 4(e)(1)(i)

21  provides that a party may move for service by publication when the opposing party "resides out of the

22  state, or has departed from the state, or cannot, after due diligence be found within the state, or conceals

23  himself to avoid the service of summons." *Id.*

24          A party seeking service by publication must seek leave of court by filing an affidavit

25  demonstrating its due diligence in attempting to personally serve the defendant. *See* NRCP 4(e)(1)(i).

26  Here, Plaintiff's Motions refer to an affidavit of due diligence and states it is attached as Exhibit 1.

27  However, there is no affidavit attached to either Motion. Plaintiff's request for service by publication

28  does not comply with NRCP 4(e)(1)(I). Additionally, although Plaintiff was informed Mr. Peterson

lived in St. Louis, Missouri, the process server searched for his address in the Clark County Assessor's Office, the Clark County voter registration records, and the local telephone directory.  It does not appear they have searched these resources for St. Louis, Missouri.  Although Plaintiff has established that Peterson resides out of state and cannot be found here to personally serve him, Plaintiff has not attempted to locate Peterson where he resides in an effort to provide actual notice of this action.  *See Price v. Dunn*, 787 P.2d 785, 786-7 (Nev. 1990), *overruled on other grounds by NC-DSH, Inc.,* 218 P.3d 853, 862 (Nev. 2009).

For the foregoing reasons,

**IT IS ORDERED:**

1.      Plaintiff's Motion for Extension of Time (Dkt. #9) is DENIED WITHOUT PREJUDICE.

2.      Plaintiff's Motion for Service by Publication (Dkt. #12) is DENIED WITHOUT PREJUDICE.

Dated this 11th day of February, 2013.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

4